<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WESTPARK ELECTRONICS LLC d/b/a ABES OF MAINE and ZOOMSPEED LLC, <br><br> Plaintiffs, <br><br> v. <br><br> EDEALER LLC and DENNIS KIM OSTERLUND, <br><br> Defendants. | No. 22cv4327 (EP) (JSA) <br><br> **OPINION** |

**PADIN, District Judge.**

Plaintiffs Westpark Electronics LLC d/b/a Abes of Maine and Zoomspeed LLC's move for default judgment against Defendants EDealer LLC, *see* D.E. 12, and Dennis Kim Osterlund, *see* D.E. 16. Defendants jointly cross-move to vacate the Clerk of the Court's entries of default against each of them. D.E. 18. The Court has reviewed the parties' submissions and decides the motions without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78.1(b). For the reasons below, Defendants' cross-motion to vacate is **GRANTED** and Plaintiffs' motions for default judgment are **DENIED**.

**I. BACKGROUND**

**A. Plaintiffs' Complaint**

Plaintiffs' pleading contains the following pertinent allegations: Plaintiff Westpark Electronics LLC ("Westpark"), which operates under the trade name Abe's of Maine, sells high quality electronic, computer equipment, and camera products at its store in Linden, New Jersey, and online through its own website and on Amazon.com. D.E. 1 ¶ 11. Starting in 2015, Westpark

began using the trademark "AOM" to designate bundles of computer and camera equipment it offers for sale on Amazon as a single package. *Id.* ¶ 12. Plaintiff Zoomspeed LLC ("Zoomspeed") manufactures high quality cables and other computer equipment, and markets them for sale under the mark "Zoomspeed." Zoomspeed sells its products to Westpark, who, in turn, sells them to third-parties, including within the AOM bundles it sells on Amazon. *Id.* ¶¶ 18, 20.

Defendant EDealer LLC ("EDealer"), and its manager, Defendant Dennis Kim Osterlund, sell various electronic and computer products on Amazon under the seller name "EDealerTech." *Id.* ¶ 22. Defendants have, on numerous occasions, listed bundles of electronic products for sale on Amazon under the AOM brand. *Id.* ¶ 23. They have also falsely indicated that the cables being sold within those bundles are Zoomspeed-brand cables. *Id.* ¶ 24. The actual bundles shipped by Defendants, however, do not include Zoomspeed-brand cables, and in fact, do not include any cables at all. *Id.* ¶ 28.

Plaintiffs allege that Defendants' actions unlawfully infringe on and otherwise damage their AOM and Zoomspeed marks. *Id.* ¶ 40. Plaintiffs assert the following causes of action against Defendants: (1) Federal Unfair Competition, 15 U.S.C. § 1125; (2) Federal False Advertising, 15 U.S.C. § 1125; (3) New Jersey Unfair Competition, N.J.S.A. § 56:4-1; (4) New Jersey Consumer Fraud, N.J.S.A. § 56:8-19; and (5) Common Law Unfair Competition.

**B. Procedural History**

Plaintiffs' complaint was filed on June 29, 2022. D.E. 1. Plaintiffs served EDealer with the summons and complaint on July 6, 2022. D.E. 7. EDealer did not file a timely response, and on August 5, 2022, Plaintiffs filed a request for the Clerk of the Court to enter default against EDealer pursuant to Federal Rule of Civil Procedure 55(a). D.E. 10. The Clerk entered default

2

against EDealer on August 8, 2022.  On August 19, 2022, Plaintiffs moved for default judgment against EDealer pursuant to Federal Rule of Civil Procedure 55(b).  D.E. 12.

Plaintiffs separately served Osterlund with the summons and complaint on August 1, 2022.  D.E. 11.  Osterlund likewise failed to file a timely response, and on September 6, 2022, Plaintiffs filed a Rule 55(a) request for the Clerk to enter default against Osterlund.  D.E. 13.  The Clerk entered default against Osterlund on September 7, 2022.  On September 8, 2022, Plaintiffs filed their Rule 55(b) motion for default judgment against Osterlund.  D.E. 16.

On September 19, 2022, EDealer and Osterlund – in one consolidated filing – filed their opposition to Plaintiffs' default judgment motions and cross-moved to vacate the Clerk's entries of default against them.  D.E. 18.  On October 3, 2022, Plaintiffs filed a reply in further support of their default judgment motions and in opposition to Defendants' cross-motion.  D.E. 22.

## C.  Defendants' Reply is Stricken

EDealer and Osterlund – without first obtaining permission from the Court – filed a reply in further support of their cross-motion on October 17, 2022.  D.E. 23.  Plaintiffs correctly note that in so doing, EDealer and Osterlund, violated Local Civil Rule 7.1(h), which states that "[n]o reply brief in support of [a] cross-motion shall be served and filed without leave of the assigned Judge."  Plaintiffs request that the Court strike this filing as a result.  D.E. 24.  That request is granted.  The parties' prior submissions are sufficient for purposes of resolving the current motions, and the Court therefore need not, and will not, rely on the Defendants' procedurally-improper reply for purposes of its analysis.  *See, e.g.*, *Liebowitz v. Richman*, No. CV 21-16538, 2022 WL 1200805, at *7 (D.N.J. Apr. 22, 2022) (denying plaintiff's request to file a sur-reply because, *inter alia*, "the arguments presented in the sur-reply do not impact the Court's analysis").

## II.     ANALYSIS

Plaintiffs move for default judgment and Defendants cross-move to vacate the Clerk's entries of default against them.  D.E.s 12, 16, 18.  In such situations, courts in this District evaluate motions to vacate first.  *See Ramada Worldwide Inc. v. Abel Lodging, LLC*, No. CIV.A. 14-2683 JLL, 2014 WL 5361914, at *1 (D.N.J. Oct. 21, 2014); *see also Super 8 Worldwide, Inc. v. Sarwan Invs.*, LLC, No. CV 2:14-07810 (WJM), 2016 WL 6398514, at *4-5 (D.N.J. Oct. 27, 2016); *Paris v. Pennsauken Sch. Dist.*, No. CIV. 12-7355 NLH/JS, 2013 WL 4047638, at *5 (D.N.J. Aug. 9, 2013).  An entry of default by the Clerk may be set aside "for good cause."  Fed. R. Civ. P. 55(c).  The decision to set aside an entry of default is left to the District Court's discretion.  *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984).  Courts generally disfavor default, preferring decisions on the merits.  *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982).  When determining whether to vacate default, the Court must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct."  *$55,518.05 in U.S. Currency*, 728 F.2d at 195).  Where there is a close case, the Third Circuit has instructed that "doubts should be resolved in favor of setting aside the default and reaching a decision on the merits."  *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983).

The Court first considers the "threshold question" of whether Defendants have a meritorious or litigable defense.  *See $55,518.05 in U.S. Currency*, 728 F.2d at 195.  Defendants, as the parties in default, do "not have to show that they will prevail at trial; rather, all they must show is that, on its face, their defense is litigable."  *Beauty Plus Trading Co. v. Bee Sales Co.*, Civil Action No. 15-8502 (ES) (MAH), 2017 WL 706604, at *3 (D.N.J. Feb. 21, 2017) (quoting

4

*Glashofer v. New Jersey Manufacturers Ins. Co.*, No. CV 15-3601 (RBK/AMD), 2016 WL 4204549, at *3 (D.N.J. Aug. 9, 2016) (emphasis in original)).

As noted, Plaintiffs allege that Defendants' sale of certain electronics products on Amazon.com unlawfully infringes on and otherwise damages Plaintiffs' AOM and Zoomspeed marks. Plaintiffs have formally asserted claims against Defendants for unfair competition, false advertising, and consumer fraud. Defendants, in support of their motion to vacate, aver "that they are not engaging in any unfair trade practices or trademark violations." D.E. 18-1 at 7. Defendants note that they are listing their products in accordance with Amazon's policies, and that the way in which they list their products for sale is a direct result of certain mandates from Amazon. *Id.* at 7-8. Defendants further claim that any potentially infringing activity perpetrated by them is also attributable to the "ever-changing" manner in which Plaintiffs list their products on Amazon. *Id.* at 9-10. The Court finds, at this very preliminary stage of litigation, that Defendants have presented sufficiently litigable defenses to at least some of the formal claims Plaintiffs have asserted against them.

The Court further finds that vacating the Clerk's entries of default will not unduly prejudice Plaintiffs. Indeed, if the Court vacates the entries of default, Plaintiffs may still pursue their claims through the ordinary litigation process. And the fact that the Plaintiffs will have to continue litigating this matter does not constitute undue prejudice. *Beauty Plus*, 2017 WL 706604, at *3 (stating that "'[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice' sufficient to warrant the denial of a motion to vacate default") (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)).

Finally, the Court finds that Defendants' conduct in this lawsuit supports vacating the Clerk's entries of default against them. "In assessing whether the entry of default was caused by

5

a defendant's culpable conduct, the courts look at factors such as whether the entry of default was caused by defendant or defendant's attorney and whether the defendant responded to the entry of default with reasonable promptness." *Perry v. Bruns*, 2013 WL 1285302, at *7 (D.N.J. Mar.26, 2013) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984)). More than mere negligence must be demonstrated; willfulness and bad faith, such as acts intentionally designed to avoid compliance, must be shown. *Id.*

As noted, Plaintiffs initiated this action on June 29, 2022. D.E. 1. They served EDealer on July 6, 2022, and on August 5, 2022, Plaintiffs filed a request for the Clerk enter default, which was entered against EDealer on August 8, 2022. *See* D.E.s 7, 10. Less than two weeks later, on August 19, 2022, Plaintiffs filed the motion for default judgment against EDealer. D.E. 12. Plaintiffs separately served Osterlund on August 1, 2022, and on September 6, 2022, Plaintiffs requested that the Clerk enter default against him. *See* D.E.s 11, 13. The Clerk entered default against Osterlund on September 7, 2022 and Plaintiffs moved for default judgment against Osterlund on the following day, September 8, 2022. D.E. 16.

Defendants aver that they first retained counsel to represent them in this matter on August 31, 2022. D.E. 18-1 at 3. Defendants moved to vacate the Clerk's entries of default against them on September 19, 2022, *i.e.*, 43 days after default was entered against EDealer and a mere 13 days after default was entered against Osterlund. *See* D.E. 18. The Court finds that Defendants, under this timeline, responded to this lawsuit with "reasonable promptness." Furthermore, there is no evidence that Defendants' failure to respond sooner is the result of willfulness or bad faith on their part. The foregoing considerations further support the Court's decision to vacate the Clerk's entries of default against both EDealer and Osterlund.

All factors weigh in favor of vacating the entries of default against EDealer and Osterlund. Accordingly, Defendants' cross-motion to vacate the Clerk's entries of default is granted. Because the Clerk's entries of default are vacated, the Court will deny Plaintiffs' motion for default judgment. *Paris v. Pennsauken Sch. Dist.*, 2013 WL 4047638, at *5 ("Given that the Court has already determined that good cause exists to grant the Pennsauken School Defendants' Motion to Vacate Clerk's Entry of Default, the Court will deny Plaintiffs' request for a default judgment to be entered against these Defendants.").

## III. CONCLUSION

For the reasons above, the Court finds that Defendants have demonstrated good cause to vacate the Clerk's entries of default against them. Defendants' cross-motion to vacate is accordingly granted. Plaintiffs' motions for default judgment are denied. An appropriate Order follows.

Dated: January 11, 2023

                                                              Evelyn Padin, U.S.D.J.